IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAQUISE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 CV 07461 |
| | ) | |
| vs. | ) | JUDGE PALLMEYER |
| | ) | |
| OFFICER SALVADOR (Star #19142), | ) | Magistrate Judge Kim |
| Individually, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND SUPPLEMENT TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED R. CIV. P. 26(g)(3) and 37(c) NOW SEEKING RELIEF AGAINST DEFENDANTS' COUNSEL PERSONALLY**

Defendants, Sgt. Salvador and the City of Chicago ("Defendants"), by one of their attorneys, Scott A. Cohen, Assistant Corporation Counsel Supervisor, for their response to Plaintiff's second supplement to Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 26(g)(3) and 37(c) (Docket #140), state as follows:

Plaintiff filed a second supplement to Plaintiff's motion for sanctions alleging defense counsel suborned perjury and failed to timely disclose a sustained CR. The undersigned did not suborn perjury. Additionally, CR log 108574 is currently pending because COPA has only recommended that Sgt. Salvador be disciplined, and there has been no official finding.

**A. The undersigned did not suborn perjury.**

The undersigned was assigned to *Young v. Salvador, et al.*, 15 CV 5636, in May of 2016, and filed an appearance for the defendants in that case on May 11, 2016, to replace an attorney who resigned from his position at the Department of Law. On August 4, 2016, that case settled. During that time, the undersigned had no personal involvement with that case. The undersigned did not meet with Sgt. Salvador or any other *Young* defendant in the context of that case, engage in any

discovery, or attend the settlement conference. Sgt. Salvador did not answer interrogatories nor was he deposed in *Young*. In fact, during that time, it is the undersigned's understanding that the parties agreed to not engage in discovery related to the individual defendants from March of 2016 until the settlement conference.

Having had no interaction with Sgt. Salvador in the context of *Young*, in June of 2016 when Sgt. Salvador submitted interrogatory answers in *Evans*, and in September of 2016 when he was deposed in *Evans*, the undersigned did not realize Sgt. Salvador was one of the officers he represented in *Young*. Additionally, the undersigned was never made aware of Sgt. Salvador having any other lawsuits because, as he truthfully stated in his deposition, he was not aware of being a defendant in any other lawsuit. Finally, it is the undersigned's practice to search PACER for other lawsuits when answering interrogatories but, as Plaintiff points out, it is not easily ascertainable by searching PACER that Sgt. Salvador was a defendant in *Young* (Plaintiff's counsel only found it by searching Chicagoreporter.com).

Not only did Sgt. Salvador answer to the best of his knowledge during his deposition, it is not that the case that the undersigned was aware that Sgt. Salvador was someone he represented in *Young*, and he therefore did not suborn perjury.

**B. CR log 108574.**

The undersigned tendered what he believes to be all of Sgt. Salvador's CR files at approximately 8:15 a.m. on January 18, 2018, in accordance with this Court's order. In reviewing CR log 108574 the previous night, defense counsel learned that COPA's recommendation is that Sgt. Salvador be disciplined for two of the three allegations against him in that investigation. To the best of the undersigned's knowledge, this CR log is currently pending as the Chicago Police Department has not yet made an official finding. Sgt. Salvador has not been disciplined because the "sustained" finding is merely a recommendation at this point. The undersigned informed Plaintiff's counsel of

this on January 18, 2018, fifteen minutes before the second supplement to Plaintiff's Motion for Sanctions was filed.

CR log 108574 is currently pending and therefore inadmissible. Additionally, neither Sgt. Salvador nor his attorneys failed to disclose a sustained allegation because, as discussed above, CR log 108574 is pending because there has been no official finding.

Respectfully submitted,

/s/ Scott A. Cohen
Scott A. Cohen

Scott A. Cohen, Assistant Corporation Counsel Supervisor
Bret Kabacinski, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle St., Suite 900
Chicago, Illinois 60602
T: (312) 744-2568
F: (312) 744-6566