UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAQUISE EVANS,  )  | |
| ) | No. 15 CV 7461 |
| Plaintiff, ) | |
| ) | Judge Pallmeyer |
| v. ) | |
| ) | Magistrate Judge Kim |
| OFFICER SALVADOR, et al., ) | |
| ) | Jury Demand |
| Defendants. ) | |

**Defendants' Response to Plaintiff's Second Supplemental Motion *in limine* and Defendants' First Supplemental Motion *in limine***

Defendants, through one of their attorneys, respectfully move the Court *in limine* to admit the photographs attached to Plaintiff's Second Supplemental Motion *in limine* as Exhibits A and B, and for a missing evidence instruction regarding both the device on which the photographs were found, and regarding the individuals depicted in Exhibit B. In support of this motion, Defendants state as follows.

**Introduction**

On January 16, 2018, as a result of a search of an "old cell phone," Plaintiff discovered a picture of himself on the date of the incident. The next day, Plaintiff's counsel informed Defendants' counsel that a new picture, Exhibit A to Plaintiff's motion, had been found, and that Plaintiff "plan[ned] on requesting leave to use this as an exhibit during trial." *See* Exhibit 1, email from Ronak Maisuria dated January 17, 2018 at 4:41 a.m.

1

The photo depicts a torso, presumably of Plaintiff, also presumably taken the day of the incident (if either presumption was not true, the picture would have no probative value at all). It was unclear to Defendants why such a picture would be taken; it appeared to be cropped. Defendants' counsel responded to Plaintiff's counsel later that day, requesting the complete photograph. *See* Exhibit 2, email from Scott Cohen dated January 17, 2018 at 7:45 a.m. Late the next day, the un-cropped photo was produced, at exactly the same time as Plaintiff filed his Second Supplemental Motion *in limine*. *See* Exhibit 3, email from Jon Erickson dated January 18, 2018 at 10:26 p.m.

After the full picture had been discovered and produced, Plaintiff immediately reversed course from asking for the cropped photograph to be used as evidence, to moving to bar both the cropped and uncropped photograph. And while Defendants now possess the uncropped version of this photograph, the version that they possess is still incomplete—while it appears to depict at least nine people, all of the faces except Plaintiff's have been sloppily redacted, without any justification from Plaintiff. Plaintiff's deliberate concealment of evidence has prejudiced Defendants, who are now unable to conduct any discovery on the circumstances surrounding the taking of this photograph or any of the individuals depicted in it.

## Argument

Plaintiff was obliged to search for and produce any photographs depicting "(a) the scene of any of the occurrences or incidents alleged in the Complaint, (b) the parties or witnesses, (c) any other tangible objects involved, including vehicles, involved in this matter, and (d) any injuries or other damages alleged by Plaintiff," by way of Request

2

No. 4 of Defendant Salvador's First Request for Production of Documents to Plaintiff, sent June 1, 2016. *See* Exhibit 4. Federal Rule of Civil Procedure 34 allows a party to request documents in another party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Rule 34 obliges a party to conduct a diligent search of the materials in its "possession, custody, or control", and to produce any responsive documents found. If the documents were initially unavailable, Rule 26(e) obligates the party to supplement its production in a timely manner.

  The manner in which these photographs were discovered and produced shows that a diligent search of at least one of Plaintiff's electronic devices was not completed. Furthermore, the continued reticence of Plaintiff to produce an unredacted, complete version of the photograph shows the deliberate concealment of evidence that shows Plaintiff's bad faith. Accordingly, a missing evidence instruction is warranted. *See Miksis v. Howard*, 106 F.3d 754, 763 (7th Cir. 1997).

  By Plaintiff's counsel's own admission, Plaintiff had not conducted a diligent search of all of his electronic devices until "late last week" (that is, approximately January 11 or 12). *See* Pl's Motion at 1. It is unclear what Plaintiff's counsel thought Plaintiff might find, given the abundance of photographs depicting Plaintiff's injuries in the record; still, Plaintiff's counsel thought it necessary to instruct his client to search again. It is equally unclear why Plaintiff's counsel would not have instructed his client to do this eighteen months ago, when Defendants propounded their discovery requests, and why Plaintiff's counsel believed that more pictures depicting Plaintiff's injuries and recovery would have been created during that time. After all, when Plaintiff was

3

deposed in August, 2016, Plaintiff disclaimed having many continuing physical ailments. Any pictures of Plaintiff's "rehabilitation and recovery period" would have existed for over a year, and Plaintiff provides no excuse in his motion for why any such pictures would not have been produced months ago.

Plaintiff's eleventh-hour search did come up with new pictures, but not of Plaintiff's injuries. Instead, Plaintiff found a picture, produced with the file name "IMG_2234.jpg," of himself on the date of the incident—though, "created a picture" may be more accurate. *See* Exhibit A to Pl's Motion. The picture was accompanied by metadata, including a "date taken" of January 16, 2018, at 9:11 p.m. This picture, which purported to depict Plaintiff on the date of the incident, was clearly not taken this week; instead, that is likely the date and time that the image was cropped from the larger image. This picture was cropped in an effort to hide the rest of the picture.

Realizing that the picture was cropped, Defendants' counsel requested the entire picture. The next night, a new picture, file name "IMG_1701.jpg," was produced. *See* Exhibit B to Pl's Motion. Again, however, the picture was incomplete. Someone had redacted the faces of every individual in the picture except for Plaintiff. In addition, while the "IMG_2234" picture had metadata, the "IMG_1701" picture lacked any data on when it was taken. We know from the "IMG_2234" picture that whatever device Plaintiff was using to create and store these photographs automatically stored at least some metadata, so for the "IMG_1701" picture to lack any would require that data to be manually deleted. The deliberate concealment of evidence continues to this day, as the full, unredacted version of this photograph has never been produced.

4

As a result of this late disclosure, Defendants have lost any ability to conduct discovery on the "old cell phone" on which these pictures were found, or on any of the individuals (other than Plaintiff) depicted in the pictures. The filenames of the two pictures imply that Plaintiff's "old cell phone" contains at least 500 other pictures (and perhaps thousands), but what those other pictures depict remains a mystery. Furthermore, this device many contain text messages or other communications between Plaintiff and others regarding this incident. Defendants cannot know for sure, because it appears that this "old cell phone" was not searched until four days ago. Even if it was searched, Defendants are not in a position anymore to take Plaintiff's word that no other responsive pictures or communications exist. The only reasonable conclusion is that this phone contains other evidence unfavorable to Plaintiff, and the jury should be instructed as such.

Also, the uncropped photograph appears to be a screenshot from a Facebook page. The picture does not reveal whose Facebook page the picture is from. Despite requests from Defendants' counsel, Plaintiff has not provided this information. *See* Exhibit 2. This also has prevented Defendants from conducting any discovery into the individuals depicted in the picture, or into whether more photographs exist on the internet that Plaintiff has access to.

Furthermore, because of Plaintiff's continued concealment of the identities of the other individuals in this picture, Defendants have lost any ability to conduct discovery regarding those individuals. These individuals appear to also have been at the "repast" attended by Plaintiff immediately prior to his being shot. They could, presumably,

5

testify to one of the crucial facts of this case: whether or not Plaintiff possessed a gun on August 21, 2015. And yet, Plaintiff appears to be dead-set on preventing Defendants from finding out who these individuals were or what they know, going to the point of redacting their faces when a picture of some of them was finally found. This ongoing recalcitrance is contrary to the letter and the spirit of Rule 34—Plaintiff has provided no justification for redacting the faces, and none exists. Instead, the Court should instruct the jury that these witnesses, if called, would give evidence unfavorable to Plaintiff, because of Plaintiff's repeated bad-faith actions.

Even if the Court is not inclined to give Defendants' requested instructions, the Court should still deny Plaintiff's motion and admit these photographs (and the complete, unredacted photograph), because it impeaches Plaintiff's account of the event. Plaintiff has attempted by his motions *in limine* to portray the event that he was attending as simply a party taking place in a front yard. This picture provides evidence, contrary to Plaintiff's assertions, that more may have been going on.

Plaintiff has testified that he is not in a gang, nor has he ever been in a gang. And Plaintiff's motion again tries to argue that the picture does not prove anything regarding gangs. Defendants should be allowed to introduce evidence to rebut this assertion, not because gang membership is direct evidence for whether Plaintiff had a gun on the date of the incident, but because it goes to Plaintiff's credibility as a witness. The credibility of a witness is always relevant. *See, e.g., Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1028 (N.D. Ill. 2011) (citing *United States v. Abel*, 469 U.S. 45, 52 (1984)).

If Plaintiff is going to testify that he knows some or all of the individuals in the picture—individuals that will not be heard at trial—the jury should hear that. Likewise, if Plaintiff is going to disclaim knowing any of the individuals in the picture, the jury should hear that, as well. Not having been able to depose Plaintiff, Defendants are left to guess about what Plaintiff's answer will be. But either way, the jury should hear it and judge its credibility. Also, the jury should be allowed to hear Plaintiff's answer for whether he is in a gang, Defendants' evidence regarding what this picture actually shows, and determine who is telling the truth. Defendants should be allowed to question Plaintiff on this picture and the individuals in it.

        Respectfully submitted,

        */s/ Bret A. Kabacinski*

        Attorney No. 6313169

Bret A. Kabacinski, Assistant Corporation Counsel
Scott Cohen, Assistant Corporation Counsel Supervisor
City of Chicago Dept. of Law
30 N. LaSalle St., Ste. 900
Chicago, IL 60602
(312) 742-1842 (phone)
(312) 744-6566 (fax)
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that I filed the foregoing document using the Court's electronic filing system. As a result, electronic copies of the filed document were served upon all counsel of record.

*/s/ Bret A. Kabacinski*